MEMORANDUM **
Michael Griggs, a federal prisoner, appeals pro se the denial of his motion for reconsideration of the denial of his motion under Fed.R.Crim.P. 36 to correct a clerical error in an order revoking supervised release. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.
In 1989 Griggs pleaded guilty to bank robbery and was sentenced to 27 months imprisonment and 3 years supervised release and ordered to pay restitution but no fine. In 1993 the district court revoked Griggs’s supervised release and imposed a *465 2-year term of imprisonment. The court’s order stated: “[D]ue to defendant’s apparent inability to pay a fine, any fine is waived.”
In his Rule 36 motion and motion for reconsideration, Griggs asked the district court to correct its 1993 order to state that restitution was waived. He stated that the parties and court had agreed to a waiver of restitution, but he did not present any evidence of this agreement. Griggs also argues that it would be illogical to waive a fine that never was imposed.
Under these circumstances, the district court did not clearly err in finding that there was no clerical error to correct in the order revoking supervised release. See United States v. Hovsepian, 307 F.3d 922 (9th Cir.2002).
AFFIRMED.

 This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.